UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

MARY DONAHUE, individually and on
behalf of all others similarly situated,

      Plaintiff,

  v.

GROUP HEALTH COOPERATIVE OF
SOUTH CENTRAL WISCONSIN,

      Defendant.

Case No.: 24-cv-316

---

**DEFENDANT GROUP HEALTH COOPERATIVE OF SOUTH CENTRAL WISCONSIN'S <u>AMENDED</u> NOTICE OF REMOVAL**

---

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1442, 1446, and 1453, Defendant Group Health Cooperative of South Central Wisconsin ("GHC"), by and through its attorneys, Husch Blackwell LLP, hereby provides notice of the removal of the above-captioned state court action, 2024 CV 001197, from the Dane County Circuit Court, State of Wisconsin, to the United States District Court for the Western District of Wisconsin.

    I.    <u>PROCEDURAL HISTORY</u>

On April 22, 2024, Plaintiff Mary Donahue, on behalf of herself and all others similarly situated (collectively, "Plaintiffs"), initiated an action in state court by filing the above-captioned Complaint in the Dane County Circuit Court, State of Wisconsin, Case No. 2024 CV 001197 (the "Class Action"). The Complaint alleges the following counts: (1) Negligence (Class Members against GHC); (2) Negligence Per Se (Class Members against GHC); (3) Breach of Implied Contract (Class Members against GHC); and (4) Unjust Enrichment (Class Members against GHC).

HB: 4883-5254-8029.1

With the Complaint, Plaintiffs also included a Summons and a Jury Demand. *See* Exhibit A. Plaintiffs have not served GHC with the Summons or a copy of their Complaint. *See* Exhibit B. A party may amend a notice of removal within thirty days of being served with the summons and complaint. *Diversey, Inc. v. Maxwell*, 798 F. Supp. 2d 1004, 1006 (E.D. Wis. 2011), citing *Northern Illinois Gas Co. v. Airco Indus. Gases, A Division of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982). Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b).

Copies of all pleadings GHC has obtained are attached hereto as Exhibit A.

II.   NOTICE TO ADVERSE PARTIES AND STATE COURT

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice shall be promptly served on Plaintiffs' counsel of record and will be filed with the Dane County Circuit Court, State of Wisconsin.

III.   JURISDICTION AND VENUE

As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1442, and 1453, and this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332(d), and 1442.

Venue lies in the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. §§ 1453(b) and 1446(a).

IV.   GROUNDS FOR REMOVAL

**CLASS ACTION FAIRNESS ACT**

Plaintiffs' Complaint is properly removed to this Court because there is minimal diversity between GHC and the class members, the aggregate amount in controversy for the class exceeds $5 million, and there are more than 100 members in the case.

2

This is a civil Class Action which GHC may remove to this Court pursuant to the Class Action Fairness Act ("CAFA"). Pursuant to 28 U.S.C. § 1453 – Removal of class actions:

> **(b) In general.**--A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.

In considering 28 U.S.C. § 1453(b), the Supreme Court confirmed that "CAFA also includes a removal provision specific to class actions." *Home Depot U.S.A., Inc. v. Jackson*, 139 S.Ct. 1743, 1746-47, 204 L.Ed.2d 34 (2019).

Removal of this Class Action is warranted pursuant to 28 U.S.C. §§ 1453(b) and 1332(d). Specifically, this Court has jurisdiction over this Class Action because: (1) the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs; (2) a member of the class of plaintiffs is a citizen of a state different from GHC; and (3) the number of all proposed plaintiff class members in the aggregate is more than 100. As the foregoing prerequisites are met, any party that seeks remand bears the burden to prove an exception to CAFA's jurisdiction. *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 680 (7th Cir. 2006).

A. <u>The amount in controversy exceeds the sum or value of $5 million.</u>

First, it is plausible that the amount in controversy in this Class Action exceeds the sum or value of $5 million. To determine whether the amount in controversy threshold has been met, the claims of the individual class members are aggregated, exclusive of interest and costs but inclusive of punitive damages and attorneys' fees under a fee-shifting statute or contract. *See, e.g., Schutte v. Ciox Health, LLC*, 28 F.4th 850, 855 (7th Cir. 2022); *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 956 (7th Cir. 1998); *see also* 28 U.S.C. § 1332(d)(6). Plaintiffs seek

"an award of damages, including actual, nominal, statutory, consequential, and punitive damages," as well as "prejudgment interest on all amounts awarded." *See* Exhibit A, Prayer for Relief. Plaintiffs also request "an award of attorneys' fees." *See id.*

In the aggregate, the proposed class of well over 100 Plaintiffs satisfies the $5 million amount in controversy threshold. Plaintiffs identify the "Class" as:

> All individuals residing in the United States whose Private Information was accessed and/or acquired by an unauthorized party as a result of the data breach reported by Defendant in April 2024 (the "Class").

*See* Exhibit A, ¶ 172. In turn, Plaintiffs allege that "at least 533,000 Class Members" were allegedly impacted in the data breach. *See id.*, ¶ 175, *citing* https://apps.web.maine.gov/online/aeviewer/ME/40/d863c624-4da1-49ce-bede-3f7a7e271ddc.shtml. Thus, each individual class member would need to claim, at most, $9.36 to satisfy the $5 million amount in controversy threshold. Given the broad scope of damages being requested, including statutory, consequential, and punitive damages and prejudgment interest, and Plaintiffs' request for attorneys' fees, it is plausible that each Plaintiff of the proposed class has placed more than $9.36 in controversy.

Further, Plaintiffs request that GHC be required to undertake several costly remedies, including:

- deleting, destroying, and purging the personal identifying information of Plaintiffs;

- providing out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of Plaintiffs' private information for their respective lifetimes;

- implementing and maintaining a comprehensive information security program;

- engaging independent third-party security auditors and internal personnel to run automated security monitoring, simulated attacks, penetration tests, and audits on GHC's systems periodically;

- auditing, testing, and training its security personnel regarding any new or modified procedures;

- segmenting data by creating firewalls and access controls;

- conducting regular database scanning and security checks;

- establishing an information security training program that includes at least annual information security training for all employees;

- routinely and continually conducting internal training and education and on annual basis informing internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach;

- implementing a system of tests to assess GHC's employees' knowledge of the education programs;

- randomly and periodically testing employees' compliance with GHC's policies, programs, and systems for protecting personal identifying information;

- implementing, maintaining, reviewing, and revising as necessary a threat management program to monitor GHC's networks for internal and external threats and assess whether monitoring tools are properly configured, tested, and updated;

- meaningfully educating all Class Members about the threats they face due to the loss of their confidential personal identifying information to third parties and the steps affected individuals must take to protect themselves;

- implementing logging and monitoring programs sufficient to track traffic to and from GHC's servers; and

- for a period of 10 years, appointing a third party assessor to conduct a SOC 2 Type 2 attestation on an annual basis to evaluate GHC's compliance with the terms of the Court's final judgment and to report any deficiencies with compliance.

*See* Exhibit A, Prayer for Relief. GHC's costs to comply with these requested injunctions would also be aggregated to the amount in controversy. *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799-800 (7th Cir. 2003).

Given the above, it is more than plausible that the amount in controversy exceeds $5 million.

B. <u>Minimal diversity is satisfied</u>.

To meet the minimal diversity requirement of 28 U.S.C. § 1332(d)(2), the party seeking removal must establish that any member of a class of plaintiffs is a citizen of a state different from any defendant.

1. <u>GHC's citizenship</u>

For purposes of determining minimal diversity under CAFA, 28 U.S.C. § 1332(d)(10) provides that "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." GHC is a membership cooperative that was formed in Wisconsin and has its principal place of business in Wisconsin. *See* Exhibit A, ¶ 23. For purposes of removal under CAFA, therefore, GHC is a citizen of the State of Wisconsin.

2. <u>Class members' citizenship</u>

The Complaint does not limit the citizenship of its proposed class members to the State of Wisconsin. Rather, the proposed class includes all individuals "*residing in the United States*" whose private information was allegedly accessed and/or acquired by an unauthorized party because of the data breach. *See* Exhibit A, ¶ 172 (emphasis added). Moreover, Plaintiffs allege that there are approximately 533,809 proposed class members. Even though the named Plaintiff is a citizen of the State of Wisconsin, minimal diversity is satisfied because at least one of the proposed class members is not a citizen of the State of Wisconsin.

GHC maintains information regarding the residence addresses of its members in the ordinary course of its business. GHC's review of that information shows that tens of thousands of the 533,809 proposed class members have residence addresses outside the State of Wisconsin in GHC's database. For confidentiality purposes, GHC is unable to identify a specific proposed

class member by their name and residence address in this publicly filed document. However, GHC has met its burden of plausibly alleging that at least one of the proposed class members is not a citizen of the State of Wisconsin.

3. <u>The proposed class consists of more than 100 members.</u>

As alleged in the Complaint, the proposed class consists of "[a]ll individuals residing in the United States whose Private Information was accessed and/or acquired by an unauthorized party as a result of the data breach reported by Defendant in April 2024" and "at least 533,000 Class Members were impacted in the Data Breach." *See* Exhibit A, ¶¶ 172, 175. Based upon Plaintiffs' express allegations, the number of members of all proposed class members in the aggregate is greater than 100. Accordingly, 28 U.S.C. § 1332(d)(5)(B) is satisfied.

**ERISA PREEMPTION**

This case is also a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and which GHC is entitled to remove to this Court pursuant to 28 U.S.C. § 1441(a), in that Plaintiff has asserted a federal claim against GHC.

Plaintiff's claims against GHC arise, if at all, under the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), in that Plaintiff asserts claims with respect to her rights under an employee benefit plan subject to ERISA.

Under ERISA, an "employee welfare benefit plan" or "employee benefit plan" is "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital

care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment or vacation benefits …" 29 U.S.C. § 1002(1), (3).

Plaintiff is a member of a health benefit plan, established or maintained by her employer, for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, medical, surgical, or hospital care or benefits, or benefits in the event of sickness (the "Plan"). GHC manages the Plan. The Plan contains certain terms regarding cybersecurity and the electronic storing and safeguarding of employees' confidential information held by GHC to facilitate GHC's management of the Plan.

While Plaintiff labels her claims as state-law causes of action, the gravamen of her Complaint is that certain of Plaintiff's confidential information held by GHC in furtherance of GHC's management of the Plan was accessed by a third-party criminal actor through an electronic data breach. As such, Plaintiff essentially seeks a determination concerning the rights and obligations of the parties under the Plan.

Under ERISA's civil enforcement provisions, a plan participant or beneficiary can bring suit to enforce his or her rights under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). Plaintiff's causes of action arise under 29 U.S.C. § 1132(a)(1)(B) and therefore are completely preempted by ERISA. An ostensible state-law cause of action that asserts a claim by a plan participant or beneficiary related to the terms of an employee benefit plan regulated by ERISA is a claim arising under the laws of the United States and is completely preempted by ERISA. *See, e.g., Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). Accordingly, GHC is entitled to remove this action to this Court pursuant to 28 U.S.C. § 1441(a).

"[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004). "[I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted by ERISA § 502(a)(1)(B)." *Id.* at 210.

As a result, complete preemption under section 502(a) is an exception to the well-pleaded complaint rule, and a defendant may remove a case to federal court where, as here, Plaintiff asserts state-law causes of action that duplicate, supplement, or supplant ERISA's comprehensive enforcement scheme. *Davila*, 542 U.S. at 209; *Metropolitan Life*, 481 U.S. at 63-64.

In this case, Plaintiff seeks determinations regarding the rights and obligations of the parties under the Plan, which is an "employee benefit plan" governed by ERISA. Thus, Plaintiff's only recourse is a claim under ERISA section 502(a)(1)(B). *Davila*, 542 U.S. at 209-10. ERISA provides the exclusive remedy for Plaintiff's grievances, and Plaintiff cannot avoid complete preemption by styling her claims as state-law causes of action.

Because the Complaint "derives entirely from the particular rights and obligations established by the benefit plans," Plaintiff's claims "fall 'within the scope of ERISA § 502(a)(1)(B) … and are therefore completely pre-empted by ERISA § 502 and removable to federal district court." *Davila*, 542 U.S. at 214 (quoting *Metropolitan Life*, 481 U.S. at 66).

Accordingly, the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441. Under the provisions of 28 U.S.C. § 1441(a), GHC is entitled to

remove this action from the Dane County Circuit Court, State of Wisconsin, to the United States District Court for the Western District of Wisconsin, which embraces the place where this action is pending.

### PIP FEDERAL OFFICER

GHC removes this case pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a), on the additional ground that GHC is a participant in the Medicare Promoting Interoperability Program ("PIP").

First, as stated, GHC is a "person" under the statute, and organizations like GHC routinely seek removal under this provision.

Second, as a participant in the PIP, GHC created an electronic health record patient portal primarily to assist the federal government in its mission for a nationwide system of electronic health records, and in return, GHC took advantage of federal incentives for setting up such a program. Courts have held that the participation in this federal program satisfies the "acting under" requirement. *See, e.g., Doe v. ProMedica Health System, Inc.*, 2020 WL 7705627 (N.D. Ohio). The aim of the PIP is to create a unified system of patient electronic health records and, like the defendant in *ProMedica*, GHC's participation assisted the federal government in achieving that goal. Therefore, the "acting under" prong is satisfied.

Third, the claims alleged by Plaintiffs implicate GHC's electronic health record patient portal, and GHC's handling of this electronic information is central to the claims in this case. The patient portal was created directly in response to the PIP. Thus, there is a connection between GHC's data management and the PIP, particularly the incentives that are tied to participation. GHC has satisfied the "casual nexus" requirement.

Finally, GHC will raise multiple federal defenses that would require the interpretation of federal law, including HIPAA preemption, HIPAA-related duty defenses, and non-complete ERISA preemption.

Therefore, all four elements of removal under the Federal Officer Removal Statute, 28 U.S.C. § 1442(a), are satisfied by virtue of GHC's participation in the Medicare PIP, and removal of this case is proper on that basis as well.

V.   CONCLUSION

By removing this action to this Court, GHC does not waive any defenses, objections, or motions available under state and/or federal law. GHC expressly reserves the right to move for dismissal of Plaintiffs' claims pursuant to Rule 12 of the Federal Rules of Civil Procedure or any other applicable rule.

WHEREFORE, GHC respectfully removes this action from the Dane County Circuit Court, State of Wisconsin, as Case No. 2024 CV 001197, to the United States District Court for the Western District of Wisconsin.

Dated this 4th day of June, 2024.

s/ Thomas P. Heneghan
Thomas P. Heneghan
Jacob B. Harris
Attorneys for Group Health Cooperative of South Central Wisconsin
HUSCH BLACKWELL LLP
33 East Main Street, Suite 300
Madison, Wisconsin 53703
Telephone: 608.255.4440
Fax: 608.258.7138
Email: Tom.Heneghan@huschblackwell.com
Email: jacob.harris@huschblackwell.com
